JOHN MACKLER et al., Appellants, v. THE MISSISSIPPI RIVER & BONNE TERRE RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals. January 17, 1893.

Liens Against Railroads: PLEADING: VARIANCE. Both the lien filed against a railway company for work done in the construction of its road, and the petition in an action for the enforcement of it, should state the facts showing that the work was performed by the

lienor under contract either with the railway company or its agent, or with one of the contractors or subcontractors therefor; and these statements should substantially agree. But *held*, that it was not a variance to state in the lien that the lienor contracted with the railway company, and in the petition that he contracted with a corporation acting in the premises as the agent or trustee of the railway company.

*Appeal from the Mississippi Circuit Court.*—HON. H. C. O'BRYAN, Judge.

REVERSED AND REMANDED.

*J. J. Russell*, for appellants.

*M. L. Clardy* and *Wm. Carter & Weber*, for respondent.

BIGGS, J.—The plaintiffs, as subcontractors under one Pardesky, sue to enforce a contractor's lien against the right of way, depots, bridges, etc., of the defendant's railroad, for work and labor alleged to have been done by them in the construction of said railroad. On the trial the plaintiff offered in evidence their lien paper, which the court excluded on the objection of the defendant that there was a variance between it and the petition. To this ruling the plaintiffs objected and excepted, and thereupon they took a voluntary nonsuit. The court having refused to vacate the judgment of nonsuit, the plaintiffs have appealed, and insist that there was no material variance between the paper and the amended petition. The record presents no other question for decision.

In support of the judgment of the court it is urged that the petition alleged that Pardesky made his contract with the St. Joseph Lead Company, whereas the lien paper stated that his contract was with the defendant railway company.

That portion of the lien paper, which is pertinent, reads: "Said work and labor was done under a contract made by said firm of John Mackler & Co., composed as aforesaid, the claimants with Charles Pardesky, general or principal contractor with said Mississippi River & Bonne Terre railway for the building of that section and portion of said railroad and roadbed above described, and upon which said work was done by John Mackler & Co.; that the name of the railroad against which this lien is intended to apply is the Mississippi River & Bonne Terre railway." The amended petition contained this averment: "That Charles Pardesky was the original or principal contractor with the St. Joseph Lead Company, a corporation interested in the construction of the railroad of defendant, for the doing of the work in constructing the railroad of defendant, and particularly that portion of said railroad upon which work and labor was done by plaintiffs, as hereinafter particularly set forth and mentioned. Plaintiffs state that the St. Joseph Lead Company at all times herein mentioned was largely interested in the construction of said road; and that many of the stockholders, officers and agents of said St. Joseph Lead Company have been since the organization of the defendant company stockholders, officers and agents, respectively, thereof; that said railroad was constructed under the supervision, as chief engineer thereof, of one of the officers, to-wit, the chief engineer of said St. Joseph Lead Company. Plaintiffs state that said road was constructed under said contract with Pardesky; that, although said contract was made as aforesaid by said Pardesky with said St. Joseph Lead Company, plaintiffs state that all of the work thereunder was done for the benefit of defendant company and in the necessary construction of its railroad, and particularly the work of plaintiffs as hereinafter

stated; that defendant company accepted said work, and particularly the work of plaintiffs, and from time to time gave estimates to said Pardesky as chief contractor for work done as aforesaid, and so plaintiffs say that said St Joseph Lead Company in the matter of contract aforesaid acted as the agent or trustee of said defendant company."

Section 6741, Revised Statutes, 1889, provides that *all* persons who perform work or furnish materials in the construction of any railroad in this state shall have a lien on the roadbed, depots, bridges, etc., of such road, to the amount of such work done or materials so furnished, "provided such work and labor is performed, and such materials are furnished, under and in pursuance of a contract with such railroad company, its agents, contractors, subcontractors, lessees or construction company, organized for the uses and purposes of such railroad company, or having in charge the building, constructing or improvement of such railroad or any part thereof."

It is quite evident that a petition to enforce such a lien ought to aver that the claimant performed the work either under a contract made with the railroad company itself or some one of its authorized agents, or with one of its contractors or subcontractors engaged in the construction of such railroad. The lien paper also ought to state the facts showing such contractual relation, and the statements in both should substantially agree. But, in the case before us, we can see no variance between the averments of the petition in respect of the contract and the statements in the lien paper in reference thereto. The petition, when stripped of its verbiage, alleges that the contract of Pardesky was made with the St. Joseph Lead Company as the *agent or trustee* of the defendant. The lien paper states that Pardesky made the contract with the defend-

ant.   There is no variance between the two statements. Both allege a contract with defendant.   Proof that the contract was made with the St. Joseph Lead Company, and that the lead company acted in the premises as the agent or trustee of the defendant, would, for the purposes of the lien, be held to be the contract of the defendant.   The fact, that the plaintiff did not first introduce evidence tending to show such agency, did not justify the court in rejecting the lien paper as evidence in the first instance.   Besides the objection was that the paper was "incompetent for the reason that the same did not correspond with the petition."   For the reasons stated, we do not think that this objection was well taken, and we will, therefore, reverse the judgment and remand the cause.   All the judges concur.